Henry G. MACK, Plaintiff-Appellant,

v.

SOUTH BAY BEER DISTRIBUTORS, INC., dba Bay Beer Distributors, a California Corporation, Defendant-Appellee.

No. 85–5716.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 1986.

Decided Sept. 2, 1986.

Edward L. Smilow, Orange, Cal., for plaintiff-appellant.

David B. Simpson, Parker, Milliken, Clark, O'Hara & Samuelian, Los Angeles, Cal., for defendant-appellee.

Before ANDERSON, PREGERSON, and WIGGINS, Circuit Judges.

PREGERSON, Circuit Judge:

South Bay Beer Distributors, Inc. ("South Bay") fired Henry Mack. Mack was subsequently denied state unemployment insurance benefits. The California Unemployment Insurance Appeals Board ("Board") affirmed the denial of benefits, finding that South Bay fired Mack for misconduct. Instead of appealing the Board's denial of unemployment benefits in state court, Mack brought suit in federal district court against South Bay for age discrimination under the Age Discrimination in Employment Act (the "Act") and for breach of an employment contract under California law. The district court held that the Board's decision should be accorded collateral estoppel effect and dismissed Mack's action. Mack appealed. We reverse the district court's dismissal of Mack's federal age discrimination claim.

**1.** After an auto accident, Mack was disabled from working for seven weeks. His supervisor worked his route and found numerous instances where Mack had permitted "old beer" to remain in stock. South Bay gave Mack a written warning, but Mack subsequently violated the rule again. South Bay's franchise agreement requires South Bay to remove beer from the shelves after the date prescribed by Anheuser-Busch.

## BACKGROUND

Mack worked for South Bay as a sales representative for 18 years. In May 1982, South Bay fired Mack, who was then 53 years old. Mack applied for unemployment benefits under the California Unemployment Insurance Code § 1256. After a hearing, the Administrative Law Judge ("ALJ") denied Mack benefits because he found that South Bay fired Mack for "misconduct connected with his work" and for being "guilty of wanton disregard for his employer's interests."[1]

The Board independently reviewed the case and affirmed the ALJ's findings. Instead of appealing the Board's decision to a California trial court, Mack filed suit in the federal district court against South Bay for violating the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634, and for breaching an employment contract under California law.

On December 5, 1984, South Bay filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b), contending, *inter alia*, that the Board's decision collaterally estopped Mack's age discrimination claim. South Bay requested the district court to take judicial notice of the five exhibits attached to its motion. The exhibits consisted of state administrative hearing records concerning Mack's unemployment benefits application.

On January 21, 1985, the district court granted South Bay's motion to dismiss both Mack's federal and state claims.[2] The district court's decision indicates that the court considered the exhibits in making its determination. Mack timely appealed, and this court has jurisdiction.

**2.** The district court dismissed Mack's state claims on independent grounds. It declined to invoke pendent jurisdiction because the claims "present substantial questions of state law that would dominate the federal ADEA claim." On appeal, appellant Mack concedes that the district court was within its discretionary authority under *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), to decline pendent jurisdiction in this case. Therefore, the district court's dismissal of the state claims is not at issue in this appeal.

## STANDARD OF REVIEW

■ We review *de novo* a district court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted. *See Rae v. Union Bank*, 725 F.2d 478, 479 (9th Cir.1984). A motion to dismiss should not be granted unless it appears that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

■ The availability of collateral estoppel is also subject to *de novo* review. *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1519 (9th Cir.1985); *United States v. Geophysical Corp.*, 732 F.2d 693, 697 (9th Cir.1984). If collateral estoppel is available, we review a district court's decision to apply it for an abuse of discretion. *Davis & Cox*, 751 F.2d at 1519; *Geophysical Corp.*, 732 F.2d at 697.

## DISCUSSION

### I. *Consideration of Administrative Records*

There is some ambiguity concerning the procedural posture of this case. South Bay initiated the dismissal by filing a motion to dismiss under Fed.R.Civ.P. 12(b)(6). The minute order indicates that the district court granted the motion as a motion to dismiss. The district court's subsequent decision, however, indicates that the court considered the exhibits and granted the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56.

■ Rule 12(b) states that if, on a motion to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. It is reversible error for a court to grant a motion to dismiss that has been converted to one for summary judgment, without providing all parties a reasonable opportunity

to present material relevant to a Rule 56 motion. *Erlich v. Glasner*, 374 F.2d 681, 683 (9th Cir.1967); *Costen v. Pauline's Sportswear Inc.*, 391 F.2d 81, 84–85 (9th Cir.1968).

To enable the court to determine whether the Unemployment Insurance Appeals Board's decision has a collateral estoppel effect on Mack's age discrimination claim, South Bay requested the district court to take judicial notice of the state administrative records attached to the motion to dismiss as exhibits. Consequently, Mack contends that this court should reverse the district court because it violated Rule 56 by not giving him the requisite notice and reasonable opportunity to submit all pertinent material.

■ On a motion to dismiss, however, a court may take judicial notice of facts outside the pleadings. *Sears, Roebuck & Co. v. Metropolitan Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir.1956); 5 C. Wright & A. Miller, *Federal Practice & Procedure*, § 1363 at 659–60 (1969).[3] Moreover, a court may take judicial notice of "records and reports of administrative bodies." *Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir.1953). Therefore, on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment. *See Phillips v. Bureau of Prisons*, 591 F.2d 966, 969 (D.C.Cir.1979).

■ Accordingly, we treat the district court's decision as a dismissal for failure to state a claim under Rule 12(b)(6) and hold that the district court did not commit reversible error in not complying with Rule 56, because summary judgment was not in fact involved.

### II. *Collateral Estoppel Effect of Unreviewed State Administrative Board's Determination*

South Bay contends, and the district court held, that unreviewed Unemployment

---

**3.** Mack, himself, relied on this precedent in requesting the district court to take judicial notice of the same administrative records in opposing the motion to dismiss his pendent state law claim.

Insurance Appeals Board findings are entitled to collateral estoppel effect in a subsequent civil suit for age discrimination in federal court. Mack contends that the court erred because: (1) California Unemployment Insurance Appeals Board decisions *unreviewed* by a state court should not be accorded collateral estoppel effect in federal court; and (2) California courts would not accord collateral estoppel effect in the circumstances of this case.[4]

It is well settled that 28 U.S.C. § 1738 requires federal courts to give state court *reviewed* administrative adjudications the same full faith and credit that the adjudications would have in the state's own courts.[5] *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274 (1985); *McDonald v. City of West Branch,* 466 U.S. 284, 287, 104 S.Ct. 1799, 1801, 80 L.Ed.2d 302 (1984). Section 1738, however, does not require federal courts to apply preclusive effect to a state agency determination that has not been judicially reviewed. *University of Tennessee v. Elliott,* —— U.S. ——, 106 S.Ct. 3220, 3224, 92 L.Ed.2d 635 (1986); *Buckhalter v. Pepsi-Cola General Bottlers, Inc.,* 768 F.2d 842, 849 (7th Cir.1985); *Holley v. Seminole County School District,* 763 F.2d 399, 400 (11th Cir.1985) (per curiam). In instances where section 1738 does not require preclusive effect, federal courts, however, may still apply res judicata and collateral estoppel under federal common law rules. *University of Tennessee,* 106 S.Ct. at 3224; *Buckhalter,* 768 F.2d at 849–50.

Mack argues that *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), requires state court review before any agency determination can have a preclusive effect. We rejected this contention in *Plaine v.*

*McCabe,* 790 F.2d 742, 748 (9th Cir.1986). *Plaine* relies on *United States v. Utah Construction & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966), and holds that a state administrative determination of a disputed issue of fact is entitled to preclusive effect provided that the state administrative agency acted in a judicial capacity and had an adequate opportunity to litigate. *See Plaine,* 790 F.2d at 748; *accord Zanghi v. Incorporated Village of Old Brookville,* 752 F.2d 42, 46 (2d Cir.1985). The Supreme Court followed this same approach in *University of Tennessee,* 106 S.Ct. at 3225–27. Therefore, in determining whether the Unemployment Insurance Appeals Board decision in this case is entitled to collateral estoppel effect, we must determine whether the Board acted in a judicial capacity to resolve issues of fact properly before it, and whether the parties had an adequate opportunity to litigate these factual issues before the Board. *See University of Tennessee,* at 3225–27; *Utah Construction,* 384 U.S. at 422, 86 S.Ct. at 1560. It is this second question which is the critical issue in this case.

The first question requires little discussion. Mack does not dispute that the Board was acting in a judicial capacity. Clearly, the Board was acting in such a capacity because its decision required it to apply a rule to a specific set of existing facts. *See People v. Sims,* 32 Cal.3d 468, 480, 651 P.2d 321, 328, 186 Cal.Rptr. 77, 84 (1982).

On the second question, we find that because of the nature of the proceedings, the parties did not have an adequate opportunity to litigate Mack's age discrimination claims before the Unemployment Insurance appeals Board. The ALJ made no specific findings concerning Mack's age discrimination claim and the record does not

---

4. Because we conclude that the Unemployment Insurance Appeals Board decisions should not be accorded collateral estoppel effect as a matter of federal law, we need not determine whether California courts would accord collateral estoppel effect to such decisions in the circumstances of this case.

5. The preclusive effect of a state judicial proceeding in a subsequent federal judicial proceeding "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such state from which they are taken." 28 U.S.C. § 1738.

disclose whether evidence was ever presented on the issue. Moreover, an employee's incentive to litigate an unemployment benefits claim is generally much less than his incentive to litigate a discrimination claim where generally the stakes are much higher. When the amount in controversy in the first action is much less than the amount in controversy at the second, preclusion would be unfair. *Restatement (Second) of Judgment* § 28(5) comment (j) (1982).

Finally, the instant case involves a remedial statute "administered informally without resort to technicalities that might deprive the unsophisticated applicant of his rights to benefits." *See Gibson v. Unemployment Insurance Appeals Board,* 9 Cal.3d 494, 500–501, 509 P.2d 945, 949, 108 Cal.Rptr. 1, 5, (1973). The purpose of unemployment insurance is to assist people out of work through no fault of their own; thus, the statutory provisions "must be liberally construed to further the legislative objective of reducing the hardship of unemployment." *Id.* at 499, 509 P.2d at 948, 108 Cal.Rptr. at 4. Therefore, it is important that the administrative process be speedy and inexpensive so that those in need can receive unemployment benefits expeditiously.

If collateral estoppel is applied to federal issues implicitly determined in proceedings before the Unemployment Insurance Appeals Board, an employee with a federal discrimination claim might have to decide to forego state unemployment benefits rather than risk an adverse ruling that could have preclusive effect on a federal discrimination claim that he may not be adequately prepared to litigate before the Board. Moreover, the potentially higher awards at stake in discrimination claims could compel both employers and employees to litigate every unemployment benefits claim as if it encompassed a discrimination suit. Should this come to pass the Board may find it difficult to adjudicate unemployment benefit claims expeditiously. Consequently, an unemployed worker would be without benefits for a longer period of time than would be the case if his appeal had been decided without the additional delay created by determining a discrimination claim.

The California Chamber of Commerce states in its amicus brief that employers presently do not rely on legal counsel to represent their interests before the Unemployment Insurance Appeals Board.[6] If collateral estoppel effect is accorded unemployment benefits decisions, then employers would begin to rely on attorneys to represent them before the Board, while unemployed workers (who are probably in need of financial assistance) would frequently be forced to appear before the Board without counsel.

In short, in the case at hand both parties, because of the nature of the proceedings, did not have an adequate opportunity to litigate the issue of employment discrimination before the Unemployment Insurance Appeals Board. Therefore, we hold as a matter of federal common law that collateral estoppel is not available for this unreviewed Board determination. Accordingly, the district court erred in applying collateral estoppel and in granting summary judgment against Mack on his federal age discrimination claim.

REVERSED and REMANDED for proceedings consistent with the views expressed in this opinion.

---

6. The California Chamber of Commerce filed an amicus brief in support of Mack's contention that collateral estoppel should not apply in the circumstances of the instant case. The Chamber of Commerce contends that according collateral estoppel effect to Board decisions would significantly alter the operating structure of California's Unemployment Compensation System by making expeditious hearings a thing of the past. The Chamber of Commerce is also particularly concerned with the unfairness of applying collateral estoppel *against an employer.* The issue of whether an employee can assert collateral estoppel based on a Board's determination adverse to an employer is not before us.