**TORRANCE REDEVELOPMENT AGENCY, a public corporation, Plaintiff,**

v.

**SOLVENT COATING COMPANY, a corporation, et al., Defendants.**

**No. 90–3774 RSWL (Sx).**

United States District Court, C.D. California.

May 9, 1991.

___

Kenneth L. Nelson, Agency Counsel, Torrance Redevelopment Agency, and Burke, Williams & Sorensen, Brian A. Pierik, Stephen R. Onstot, Joseph P. Buchman, Los Angeles, Cal., for plaintiff Torrance Redevelopment Agency.

Gary A. Meyer, Melissa M. Allain, James F. Thompson, Parker, Milliken, Clark, O'Hara & Samuelian, Los Angeles, Cal., for defendants, cross-defendants, cross-claimants and counterclaimants, Permalite Repromedia Corp. and Solvent Coating Corp.

Leroy A. Abelson, O'Neil, Huxtable and Abelson, Los Angeles, Cal., for cross-claimants, Thomas G. Woolson, Peter C. Woolson and Ruth A. Woolson aka Ruth A. Catlin.

William P. Driscoll, Driscoll & Peterson, Pasadena, Cal., A. Raymond Hamrick, III, Universal City, Cal., for defendants, Henry A. Roemisch, Jr., Linnea J. Roemisch and Henry A. Roemisch, III.

## ORDER

LEW, District Judge.

Defendant Permalite Repromedia Corporation, d.b.a. Solvent Coating Company has moved the Court to dismiss with prejudice the Third, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action alleged in the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike portions of the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f). Plaintiff timely opposed the motions. The matter was set for oral argument. After review of the papers filed, the Court determined that all of the issues had adequately been briefed and removed the matter from the Court's law and motion calendar pursuant to Federal Rule of Civil Procedure 78. Now having again reviewed all of the papers filed in support of and in opposition to the motion, the Court hereby issues the following order:

Permalite's motion to dismiss is GRANTED in part and DENIED in part. The Third, Sixth, Seventh, Eighth and Ninth Causes of Action are hereby DISMISSED WITH PREJUDICE. The Fifth Cause of Action is DISMISSED WITH PREJUDICE to the extent that it seeks damages and abatement-related costs.

Permalite's motion to strike portions of the Complaint is GRANTED in part and DENIED in part. Portions of the Complaint seeking punitive damages are hereby stricken. Portions of the Complaint seeking attorney's fees are stricken as to the Fourth and Fifth Cause of Action only.

## Background

On August 17, 1985, Plaintiff Torrance Redevelopment Agency acquired property, located at 1031 Engracia Avenue in Torrance ("Property"), through eminent domain proceedings. Plaintiff filed this action on July 18, 1990 to recover costs and damages allegedly caused by Defendants' release of chemical substances on the Property prior to Plaintiff's acquisition of the Property. On December 14, 1990, the Court granted Defendant Permalite Repromedia Corporation's ("Permalite") motion to dismiss the Second through Eighth Causes of Action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In the December 14, 1990 Order ("December Order"), the Court also granted Permalite's motion to strike portions of the First Cause of Action in the original complaint which alleged punitive damages and to strike portions of the original complaint which sought recovery of attorney's fees. In the December Order, the Court granted Plaintiff thirty days leave to amend.

On January 9, 1991, Plaintiff filed a First Amended Complaint (the "Complaint") alleging the following causes of action: (1) recovery of response costs, attorney's fees and interest under section 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. section 9607; (2) recovery of response costs, attorney's fees, interest and indemnity under California Health and Safety Code section 25363(e); (3) recovery of response costs, attorney's fees, and interest pursuant to California Health and Safety Code sections 33459 *et seq.;* (4) in-

demnity based on California common law; (5) public nuisance pursuant to California Civil Code sections 3493 and 3494; (6) ultra-hazardous activity based on California common law; (7) trespass based on California common law; (8) negligence based on California common law; and (9) declaratory relief.

Now, Permalite has moved to dismiss with prejudice the Third, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action alleged in the Complaint. Permalite has also moved to strike portions of the Fourth through Ninth Causes of Action which allege claims for punitive damages. Defendants Thomas G. Woolson, Mark T. Woolson, Peter C. Woolson and Ruth A. Woolson (the "Woolson Defendants") have joined in Permalite's motion to dismiss.

### Standard: Federal Rule of Civil Procedure 12(b)(6)

In considering a motion under Federal Rule of Civil Procedure 12(b)(6), the trial court is required to accept as true all material factual allegations of the party opposing the motion and to view the facts presented in the pleadings in the light most favorable to the nonmovant. *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 580 (9th Cir. 1983).

### Third Cause of Action—Relief Under California Health and Safety Code sections 33459–33459.8

■ The Third Cause of Action, which was not included in the original complaint, seeks recovery of response costs pursuant to California Health and Safety Code sections 33459, *et seq.*, ("AB 3193") which became effective January 1, 1991. California Health and Safety Code section 33459.4 provides that if a redevelopment agency undertakes action to remedy a release of hazardous substance, any responsible party shall be liable to the redevelopment agency for costs of removal. Permalite seeks to dismiss the Third Cause of Action on grounds that Plaintiff commenced the response actions for which it now seeks recovery as early as April 1986, long before AB 3193 went into effect.

AB 3193 lacks any express provision indicating that it applies retroactively to response actions commenced or taken prior to its effective date of January 1, 1991. Absent such an express retroactivity provision, there is a legal presumption that the statute applies only prospectively. *See e.g., Evangelatos v. Superior Court*, 44 Cal.3d 1188, 1208, 246 Cal.Rptr. 629, 641, 753 P.2d 585, 597 (1988) (citing *United States v. Security Industrial Bank*, 459 U.S. 70, 79–80, 103 S.Ct. 407, 412–23, 74 L.Ed.2d 235 (1982)).

Plaintiff contends its response costs are recoverable under AB 3193 because the plain language and the underlying policy of AB 3193 indicate that the measure may be applied retroactively. In support of this assertion, Plaintiff relies on a provision in AB 3193 which provides that the "scope and standard of liability for any costs recoverable pursuant to this section shall be the scope and standard of liability under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980" ("CERCLA"). Cal. Health & Safety Code § 33459.4(b) (West Supp.1991). Plaintiff contends this language allows AB 3193 to be applied retroactively, because courts have consistently held that CERCLA's language and history allows retroactive application of CERCLA.

Permalite contends that Plaintiff's reliance on CERCLA misconstrues and overstates the intended application of AB 3193. The Court agrees that the general reference to CERCLA in AB 3193 is not alone sufficient to overcome the presumption that legislation should not apply retroactively. If the Legislature intended such a reading of the CERCLA language in AB 3193, it could easily have incorporated specific language to that effect.

Plaintiff also argues that, as is true with CERCLA, the entire statutory scheme of AB 3193 is "overwhelmingly remedial and retroactive." Opp. at 5:25–28. In support of this argument, Plaintiff cites language contained in the report on AB 3193 issued by Assembly Committee on Environmental

Safety and Toxic Materials (Exhibit 35 to Permalite's Motion). Specifically, Plaintiff cites a provision in the Committee Report which states that the rationale of the bill is "to encourage redevelopment agencies, ... to become involved in the acquisition and/or cleanup of sites, within a redevelopment project where a hazardous substance release or waste discharge has occurred." Opp. at 5:27–28–6:1–3 (quoting Exhibit 35 to Permalite's Motion). Plaintiff contends that the reference to a discharge that *has occurred* indicates the bill was intended to apply retroactively.

The Court disagrees with Plaintiff's characterization of the Committee Report language. Although the Committee Report indicates that the bill should remedy past discharges, the future-tense language stating a policy of encouraging redevelopment agencies to *"become* involved" indicates that the bill applies to future efforts to remedy past discharges.

Permalite argues that the reasoning courts have used in finding CERCLA may be applied retroactively is not applicable to AB 3193. Permalite contends that courts were inclined to allow CERCLA to be applied retroactively because CERCLA created a new and comprehensive statutory program for recovering response costs where no such federal remedies had previously existed. Conversely, Permalite argues, AB 3193 merely augmented a redevelopment agency's already existing statutory basis to seek response costs. Thus, Permalite argues, barring Plaintiff from a retroactive right of action under AB 3193 works no inequity on Plaintiff because, by its terms, AB 3193 is an additional remedy.

The Court agrees with Permalite's reasoning. In finding that portions of CERCLA may be applied retroactively, courts have examined the statutory scheme and legislative history of CERCLA, finding specific expressions of congressional intent to remedy past inadequacies in the law in enacting CERCLA. *See e.g. United States v. Shell Oil Co.,* 605 F.Supp. 1064, 1071 (D.Colo.1985) (quoting H.R.Rep. No. 96–1016, 96th Cong., 2d Sess. 22). Furthermore, cases considering the issue cite numerous examples of retrospective language in the legislative history of CERCLA. Plaintiff has cited no similar expressions of legislative intent in connection with AB 3193.

Plaintiff has failed to cite any language in AB 3193 or the legislative history of the bill indicating clear legislative intent to apply the provision retroactively. Thus, Plaintiff has failed to rebut the presumption that AB 3193 only provides cost recovery for clean-up commenced after the effective date of the statute. Accordingly, the Third Cause of Action is dismissed. Because the Court is persuaded that amendment will not cure the defects inherent in the Third Cause of Action, dismissal is with prejudice.

### Fifth Cause of Action for Public Nuisance

The Fifth Cause of Action seeks two forms of relief for public nuisance: (1) injunctive relief to abate the alleged public nuisance, and (2) damages and abatement-related costs. Injunctive relief is sought on behalf of Plaintiff in its capacity as a public body. Complaint, ¶ 85. Abatement-related costs and other damages are sought on behalf of Plaintiff in its "proprietary" capacity. Complaint, ¶ 87.

a. Plaintiff's Authority to Abate Public Nuisance

■ The Complaint alleges that Plaintiff is a public body authorized to abate public nuisances. Complaint at 17:25–28. Permalite contends Plaintiff lacks authority to abate a public nuisance because no statute provides a redevelopment agency with such authority.

California Civil Code section 3494 provides that a "public nuisance may be abated by public body or officer authorized thereto by law." Permalite cites no authority demonstrating that a redevelopment agency is not a public body authorized to abate a public nuisance pursuant to this section.

Without authority to the contrary, the Court must, for purposes of this motion, accept as true Plaintiff's allegation that it

is a public body authorized to abate a public nuisance. Accordingly, Permalite's motion cannot be granted on grounds that Plaintiff lacks authority to bring this action.

Permalite apparently raises no other basis for challenging the injunctive relief sought by Plaintiff in its capacity as a public body. The remaining arguments Permalite asserts in seeking dismissal of the public nuisance claim appear only to challenge whether Permalite may be liable for damages and abatement-related costs, which Plaintiff seeks acting in its proprietary capacity. Thus, the Court declines to dismiss the Fifth Cause of Action to the extent that it seeks relief on behalf of Plaintiff acting in its capacity as a public body.

b. Recovery of Abatement–Related Costs and Damages

■ The Complaint alleges that Plaintiff, in its capacity as landowner, is entitled to damages for the costs incurred in abating the nuisance caused by Defendants. In support of this claim, Plaintiff cites California Civil Code section 3493, which states that a "private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise." Permalite contends that this claim should be dismissed because it seeks abatement costs and such damages are not recoverable by a public entity or city attorney.

The Court agrees with Permalite's position. The cases cited by Permalite make clear that Civil Code section 3493 provides no authority for a public entity, rather than a private party, to recover damages for a "specially injurious" public nuisance and that no other statute authorizes such recovery. *See City of Los Angeles v. Shpegel–Dimsey, Inc.*, 198 Cal.App.3d 1009, 1020, 244 Cal.Rptr. 507, 512 (1988); *see also San Luis Obispo County v. Abalone Alliance*, 178 Cal.App.3d 848, 223 Cal.Rptr. 846 (1986). Plaintiff cites no statute nor case law which contradicts the rule expressed in the cases cited by Permalite. Accordingly, the public nuisance claim must be dismissed for failure to state a claim to the

extent that the claim seeks abatement-related costs and monetary damages. Because Plaintiff has failed in two attempts to state a claim for public nuisance under this theory, and because the Court is persuaded that Plaintiff cannot state a claim for monetary relief under a public nuisance theory, this portion of the Complaint is dismissed with prejudice.

*Statute of Limitations—Sixth through Ninth Causes of Action*

Permalite contends the Sixth (ultra-hazardous activity), Seventh (trespass), Eighth (negligence) and Ninth (declaratory relief) Causes of Action are time-barred by the California three year statute of limitations. Permalite argues that these claims accrued when Plaintiff acquired the Property on August 15, 1985 or at the latest, when Plaintiff admitted knowledge of the Property's alleged contamination on March 27, 1987 in a letter sent to Defendants. Plaintiff contends the California statute of limitations is not applicable, and its claims are not barred by the applicable federal law because Plaintiff did not have actual knowledge of the specific hazardous substance prior to July 18, 1987.

a. Applicable Statute of Limitations

■ Permalite contends Plaintiff's claims for ultrahazardous activity, trespass, negligence and declaratory relief are barred by California Code of Civil Procedure section 338(b). Section 338(b) provides that an action for trespass upon or injury to real property must be brought within three years. Under section 338(b), "the cause of action accrues on the date that the plaintiff knows, or reasonably should know that an injury occurred." *Pinole Point Properties v. Bethlehem Steel Corp.*, 596 F.Supp. 283, 292 (N.D.Cal.1984) (citation omitted).

Permalite argues that under California Code of Civil Procedure section 338(b) a landowner's claims based on hazardous waste damage to its real property accrue at the time it acquires the property unless the pleading alleges facts showing justifiable, delayed discovery.

Plaintiff contends that federal law preempts the commencement date from which the limitation period in California Code of Civil Procedure section 338(b) accrues. Under 42 U.S.C. section 9658(b)(4)(A), the "federally required commencement date" is defined as follows:

> [T]he term 'federally required commencement date' means the date the plaintiff knew (or reasonably should have known) that the personal injury or property damages referred to in subsection (a)(1) of this section were caused or contributed to by the hazardous substance or pollutant or contaminant concerned.

As discussed below, the Court finds the Sixth through Ninth Causes of Action are time barred under either the federal or state law. Thus, the Court need not address which "commencement" provision is applicable.

b. Judicial Notice of Agency Records

 Permalite has requested the Court, for purposes of this motion, to take judicial notice of a letter from Plaintiff dated March 27, 1987. Although federal courts are ordinarily required to accept a complaint's allegations as true on a Rule 12(b)(6) motion, a court may take judicial notice of records and reports of administrative bodies to determine if a complaint fails to state a claim. *Interstate Natural Gas Co. v. Southern California Gas Co.*, 209 F.2d 380, 385 (9th Cir.1953), *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986). "[O]n a motion to dismiss, the court may properly look beyond the complaint to matters of public record...." *Mack*, 798 F.2d at 1282. Such action by the court "does not convert a Rule 12(b)(6) motion to one for summary judgment." *Id.* (citation omitted)

 Because Plaintiff is a public agency, its documents, including letters, related to its activities are also public records subject to public disclosure under the California Public Records Act. Cal.Govt.Code §§ 6252(a)–(d), 6253, 6256. Therefore, the Court may appropriately take judicial notice of the two letters written by Plaintiff in determining whether the Complaint fails to state a claim for relief. Furthermore, Plaintiff has not opposed Permalite's request that the Court take judicial notice of these letters. Thus, the Court takes judicial notice of the two letters written by Plaintiff and marked as Permalite's Exhibits 1 and 2.

c. Plaintiff's Knowledge of Hazardous Waste

 Permalite contends that the letters marked as Permalite's Exhibits 1 and 2 indicate Plaintiff had actual knowledge of the alleged contamination such that the action is time barred under either federal or state law.

Permalite's Exhibit 1 is a letter from Plaintiff to Defendants dated March 27, 1987, in which Plaintiff indicated it had "become aware of the discharge of a volatile hydrocarbon hazardous waste upon the Solvent Coating Facility property." In the letter, Plaintiff stated that "[w]hile this volatile hydrocarbon has not yet been identified, it is of such a virulent nature that respirators are required." Permalite contends that the letter proves Plaintiff had actual knowledge of the alleged contamination as of the date of the letter, which was three years and four months before Plaintiff filed the present suit.

Plaintiff contends that the "reasonably should have known" standard does not bar its claims because Plaintiff was diligent in taking steps to determine the nature and extent of the contamination. Furthermore, Plaintiff argues that the federally required "actual knowledge" standard requires actual knowledge of the *specific* hazardous substance, pollutant or contaminant that damaged the Property. Plaintiff contends its claims are not barred under the applicable federal standard because Plaintiff did not have actual knowledge of the specific substance when the March 27, 1987 letter was written, or any time prior to July 18, 1987.

The Court finds Plaintiff's argument unpersuasive. Plaintiff fails to cite any legal authority in support of its proposition that actual knowledge of the specific hazardous substance, pollutant or contaminant is required under 42 U.S.C. section

9658(b)(4)(A). Furthermore, the plain language of the federal statute does not indicate that such specific knowledge is required in order to trigger accrual of the cause of action. Thus, the Court rejects Plaintiff's contention that the federally required commencement date is triggered only when a plaintiff requires such specific knowledge.

d. Estoppel

■ Plaintiff contends that Permalite should be estopped from asserting a statute of limitations defense because Permalite's conduct caused the delay. Plaintiff cites no authority to support application of estoppel in this context. Furthermore, based on the facts alleged, it appears Plaintiff had ample time to institute this action after the conditions allegedly giving rise to estoppel and prior to the expiration of the statute of limitations. Accordingly, the Court rejects Permalite's estoppel argument.

Based on the judicially-noticed letters and the arguments presented, the Court finds that Plaintiff knew or reasonably should have known that injury to the Property was caused by the alleged contamination as early as March 27, 1987. Thus, Plaintiff's Sixth through Ninth Causes of Action began to accrue under either the federal or state statute no later than March 27, 1987. Because the original complaint was filed three years and four months after this date on July 17, 1990, Plaintiff's Sixth, Seventh, Eighth and Ninth Causes of Action are time barred. Accordingly, these claims are dismissed.

Because Plaintiff has failed in two attempts to state a cause of action under these theories, and because the December Order specifically warned Plaintiff that it should be mindful of statute of limitations concerns in amending, the Court grants Permalite's motion to dismiss the Sixth through Ninth Causes of Action with prejudice.

*Motion to Strike*

Permalite moves to strike portions of the Complaint seeking punitive damages and attorney's fees on grounds that Plaintiff is not entitled to punitive damages or attorney's fees as a matter of law.

a. Punitive Damage Allegations

Permalite seeks to strike punitive damage allegations in the Fifth Cause of Action for public nuisance, the Seventh Cause of Action and the "Common Allegations" and "Prayer for Relief" portions of the Complaint. Because the Seventh Cause of Action has been dismissed for failure to state a claim, Permalite's motion to strike portions of that claim is moot. Accordingly, the Court need only address the propriety of the punitive damage allegations in the Fifth Cause of Action and the Common Allegations and Prayer for Relief portions of the Complaint.

■ Permalite argues that because Plaintiff is a public entity, it is barred from recovering punitive damages as a matter of law. Plaintiff responds that the bar against a public entity's recovery of punitive damages is inapplicable because Plaintiff seeks such damages in its capacity as a private landowner. As discussed above, this argument is unavailing in connection with the public nuisance claim. For the same reasons the Court has dismissed the Fifth Cause of Action to the extent that it seeks damages and abatement-related costs, the Court grants Permalite's motion to strike paragraphs 83, 88 and 90 which seek punitive damages for public nuisance.

Permalite argues that the Common Allegations and Prayer for Relief punitive damage allegations should be stricken because Plaintiff is not entitled to recovery of such damages on any of its remaining claims. The Court agrees. Plaintiff admits that punitive damages are not recoverable under the First, Second, and Third Causes of Action, and Plaintiff states that punitive damages are not sought under the first three claims. Pursuant to the terms of this order, the Third and Sixth through Ninth Causes of Action are dismissed, and portions of the Fifth Cause of Action relating to punitive damages are stricken. No argument is raised which indicates that the punitive damage allegations in the Common

Allegations or Prayer for Relief sections are relevant to the Fourth Cause of Action for common law indemnity, and the Fourth Cause of Action does not appear to give rise to a claim for punitive damages. Thus, none of the remaining claims for relief support the punitive damage allegations in the Common Allegations and Prayer for Relief portions of the Complaint. Accordingly, the Court grants Permalite's motion to strike punitive damage allegations in the Complaint at 6:20 and at 25:16–17.

b. Attorney's Fees Allegations

Permalite seeks to strike attorney's fee allegations in the Common Allegations section of the Complaint relating to the Fourth through Ninth Causes of Action.

Permalite contends that by incorporating the Common Allegations by reference in the Fourth through Ninth Causes of Action, Plaintiff is attempting to assert a claim for attorney's fees in those claims. Plaintiff contends that it does not seek attorney's fees for the Fourth through Ninth Causes of Action. Because the Sixth through Ninth Causes of Action have been dismissed, the Court need not consider whether attorney's fee allegations should be stricken as to those claims. Regarding the Fourth and Fifth Causes of Action, there is no apparent dispute whether the attorney's fees allegations are intended to assert a claim for such fees. Thus, the Court finds it appropriate to strike the attorney's fees allegations as they relate to the Fourth and Fifth Causes of Action. These allegations are not stricken as they relate to the First, Second and Third Causes of Action.

### Conclusion

Permalite's motion to dismiss the Third, Sixth, Seventh, Eighth and Ninth Causes of Action is GRANTED WITH PREJUDICE. Permalite's motion to dismiss the Fifth Cause of Action for public nuisance is GRANTED WITH PREJUDICE to the extent that claim seeks damages and abatement-related relief. Permalite's motion to dismiss the Fifth Cause of Action is DE-

NIED to the extent that it seeks injunctive relief for abating a public nuisance.

Permalite's motion to strike portions of the Complaint regarding punitive damages is GRANTED WITH PREJUDICE. Permalite's motion to strike portions of Plaintiff's Complaint regarding attorney's fees in conjunction with the Fourth and Fifth Cause of Action is GRANTED WITH PREJUDICE. Permalite's motion to strike portions of the Complaint regarding attorney's fees in relation to the Sixth through Ninth Causes of Action is DENIED as moot.

IT IS SO ORDERED.