92 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Benjamin J. RAMOS, dba University of Honolulu School of Law,
Plaintiff-Appellant,
v.
COMMITTEE OF BAR EXAMINERS OF the STATE BAR OF CALIFORNIA;
John Hisserich, Chair; Allan B. O'Connor,
Director of Educational Standards,
Defendants-Appellees.
 No. 94-16157.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge; SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Benjamin J. Ramos appeals the district court's dismissal of his 42 U.S.C. § 1983 action, alleging a violation of his right to procedural due process, pursuant to Fed.R.Civ.P. 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's dismissal for failure to state a claim de novo, Everest and Jennings, Inc. v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994), and affirm.
 
 
 3
 Ramos contends that the district court erred by concluding that the State Bar of California was immune from suit in light of the Eleventh Amendment. We have previously held that the State Bar of California, as well as its employees when sued in their official capacity, are immune from suit in federal court for monetary damages in light of the Eleventh Amendment. See Hirsh v. Justices of the Supreme Ct. of Cal., 67 F.3d 708, 715 (9th Cir.1995) (per curiam) (citing Lupert v. California State Bar, 761 F.2d 1325, 1327 (9th Cir.1985)). Accordingly, the district court did not err by dismissing Ramos's claims for monetary relief against the State Bar of California and against the individual defendants in their official capacities. See id.
 
 
 4
 Ramos also sought declaratory relief and brought claims against the individual defendants in their personal capacity. To state a claim that his right to procedural due process had been violated, however, Ramos needed to allege that he was deprived of a property or liberty interest without notice and a hearing. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569-70 & 570 nn. 7-8 (1972). Because Ramos alleged that he received notice and a hearing before defendants decided not to register his correspondence law school, we conclude that the district court did not err by dismissing his complaint for failure to state a claim. See id.
 
 
 5
 Ramos contends that the district court erred by treating defendants' motion to dismiss as a motion for summary judgment without providing notice to Ramos of its intention to do so. Because the district court only considered the allegations of Ramos's complaint and materials within the public record, this contention lacks merit. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir.1988); Mack v. South Bay Bar Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir.1986).
 
 
 6
 Finally, we reject Ramos's contention that the district court erred by dismissing Ramos's complaint before providing him with a statement of the complaint's deficiencies and an opportunity to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (stating that it is not necessary to provide an opportunity to amend where the complaint's defects could not be cured through amendment).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Ramos's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3