101 F.3d 706
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reginald WHEELER, Plaintiff-Appellant,
v.
James GOMEZ, Warden; D. Martin, Sergeant; D. McMahon,
Sergeant; Thomas M. Hornung, Deputy Warden;
Bonnie Garibay; W. Vaughn, Defendants-Appellees.
 No. 96-55036.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1996.*
Decided Nov. 13, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Reginald Wheeler, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to timely file an opposition to defendant's motion to dismiss pursuant to local rules. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss.
 
 
 3
 Under the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321, we must "dismiss an appeal sua sponte at any time if the case is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief." See Marks v. Solcum, No. 96-15877, slip op. 13759, 13761 (9th Cir. Oct. 18, 1996) (per curiam).
 
 
 4
 Here, in their motion to dismiss, defendants argued that Wheeler's present action should be dismissed because it raised issues which had been litigated in a prior action and was, therefore, precluded by the collateral estoppel doctrine.
 
 
 5
 "While the general rule in this circuit, as in others, is that a district court may not grant a motion to dismiss" where the district court relies on materials outside the pleadings, "that rule does not pertain when the additional facts considered by the court are contained in materials of which the court may take judicial notice." Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.1994) (citing Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir.1986)).
 
 
 6
 To determine whether the collateral estoppel doctrine bars Wheeler's present action, we need only compare the complaint in the present action with the complaint and judgment in the prior action. Because these documents are part of the public record, they are materials of which we can take judicial notice. See Fed.R.Evid. 201(b).
 
 
 7
 Upon review of the complaints, we conclude that Wheeler's present complaint fails to state a claim because it raises issues which were litigated in a prior action. See Town of N. Bonneville v. Callaway, 10 F.3d 1505, 1508 (9th Cir.1993).
 
 
 8
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3