**Deborah J. THOMAS, Plaintiff–Appellant,**

v.

**The WALT DISNEY COMPANY, et al., Defendants–Appellees.**

No. 08–15602.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 8, 2009.

Deborah J. Thomas, Gainesville, FL, pro se.

Evette D. Pennypacker, Claude M. Stern, Quinn Emanuel Urquhart Oliver & Hedges, LLP, Redwood Shores, CA, for Defendant–Appellee.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Deborah J. Thomas appeals pro se from the district court's judgment dismissing her copyright infringement action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir.2009), and affirm.

The district court properly entered judgment for defendants because, as a matter of law, Thomas's literary work was not "substantially similar" to defendants' animated movie. *See Funky Films, Inc. v. Time Warner Entertainment Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir.2006) ("Absent evidence of direct copying, proof of infringement involves . . . showing[ ] that . . . the two works are substantially similar.") (internal quotation marks omitted); *id.* ("[S]ubstantial similarity may [ ] be decided as a matter of law.") (internal quotation marks omitted). The plot, characters, and mood of the two works were not substantially similar. *See id.* at 1077 ("The substantial-similarity test contains an extrinsic [ ] component. . . . The extrin-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sic test focuses on articulable similarities between the plot … mood … characters, and sequence of events in the two works.") (internal brackets and quotation marks omitted).

Contrary to Thomas's contention, the district court properly considered materials whose contents Thomas alleged in her complaint or involved matters subject to judicial notice. *See In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1405 n. 4 (9th Cir.1996) ("Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss.") (internal quotation marks and brackets omitted); *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986) ("[O]n a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment.").

The district court properly denied Thomas's request to take judicial notice of materials that were not readily verifiable. *See* Fed.R.Evid. 201(b) (requiring requests for judicial notice to set forth facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *Silver v. Executive Car Leasing Long–Term Disability*, 466 F.3d 727, 732 n. 2 (9th Cir. 2006) (affirming the district court's denial of a request for judicial notice where the "items were not sufficiently reliable to be judicially noticeable").

The district court properly dismissed without leave to amend Thomas's state law claim of unfair business practices because amendment would have been futile. *See Zucco Partners*, 552 F.3d at 1007 (affirming denial of leave to amend complaint).

Thomas's remaining contentions lack merit.

**AFFIRMED.**

