

FILED

NOT FOR PUBLICATION

DEC 1 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>LEILANI HOPE RICKERT,<br>　　　　　Debtor. | BAP No. MT-20-1100-BGF<br><br>Bk. No. 2:18-bk-60937-BPH |
| LEILANI HOPE RICKERT,<br>　　　　　Appellant,<br>v.<br>SPECIALIZED LOAN SERVICING, LLC;<br>BENJAMIN J. MANN; BRIAN J. PORTER;<br>NATALIE E. LEA; MUKTA SURI;<br>FEDERAL HOME LOAN MORTGAGE<br>CORPORATION,<br>　　　　　Appellees. | Adv. No. 1:20-ap-01003-BPH<br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the District of Montana
Benjamin P. Hursh, Chief Bankruptcy Judge, Presiding

Before:　　BRAND, GAN, and FARIS, Bankruptcy Judges.

## INTRODUCTION

Appellant Leilani Hope Rickert appeals an order dismissing her

adversary complaint on a motion filed by appellees Specialized Loan

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Servicing, LLC ("SLS"), SLS attorneys Benjamin J. Mann, Brian J. Porter, Natalie E. Lea and Mukta Suri, and the Federal Home Loan Mortgage Corporation (collectively, "Appellees"). We AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This is Rickert's second attempt to challenge SLS's standing to enforce its security interest in her home.[1] SLS was the servicer of the mortgage loan, after receiving an assignment of the note and deed of trust from the original lender, SunTrust Mortgage. In this action, Rickert also alleged claims against SLS's attorneys relating to their representation of SLS in the prior dispute over SLS's proof of claim.

Rickert filed her chapter 13[2] bankruptcy case on October 2, 2018. During the case, she objected to SLS's secured proof of claim and its motion to modify the automatic stay under § 362. Rickert contended that SLS was not the holder of the note and therefore had no standing to enforce the note or the deed of trust. Following an evidentiary hearing, where a SLS witness testified that she was in physical possession of the original note and deed of trust, the bankruptcy court overruled Rickert's claim objection, concluding that SLS was the party entitled to enforce the note and granting SLS stay relief to

---

[1] For more background of this case, see *Rickert v. Specialized Loan Servicing, LLC (In re Rickert)*, BAP No. MT-19-1120-LBG, 2020 WL 1170732 (9th Cir. BAP Mar. 9, 2020).

[2] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

pursue its non-bankruptcy remedies under the deed of trust. Rickert appealed. The BAP affirmed.

Three days before the BAP entered its decision in the first appeal, Rickert filed a complaint against Appellees. Of those claims that were cognizable, Rickert alleged that SLS had no valid security interest in her home because SLS never "validated" the debt or produced an original note or deed of trust. As a result, alleged Rickert, SLS lacked standing to enforce the note. Rickert also alleged that SLS's attorneys conspired with SLS to defraud her and the court by filing false proofs of claims, loan documents and mortgage assignments, and by making false representations of fact. Attached to Rickert's complaint was a copy of a "Chain of Title Analysis & Mortgage Investigation" prepared for Rickert in December 2019 by a private investigator.[3]

Appellees moved to dismiss Rickert's complaint under Civil Rule 12(b)(6), arguing that it failed to state any plausible claims for relief ("Motion to Dismiss"). In general, argued Appellees, the complaint did not include any specified causes of action but rather consisted of vague, conclusory assertions pertaining to the real estate transaction. Further, most or all of Rickert's claims had been adjudicated by the bankruptcy court and affirmed by the BAP; thus, they were barred by law of the case or claim preclusion. Appellees

---

[3] The BAP declined to consider this document in the first appeal because it was not before the bankruptcy court at the time it ruled on Rickert's claim objection and SLS's request for stay relief.

argued that Rickert's fraud and conspiracy-related claims failed because she did not plead them with the particularity required under Civil Rule 9(b), and her alleged claims for unjust enrichment and RICO failed because she did not articulate any factual basis for them. Finally, Appellees argued that Rickert's remaining claims for bankruptcy crimes and other federal crimes failed because her "scattershot, kitchen sink" approach deprived them of any ability to understand and respond to them.

Appellees filed a certificate of service on March 18, 2020, stating that Rickert was served with the Motion to Dismiss on that date. On March 19, 2020, Appellees filed a Notice of Opportunity to Respond and Request for Hearing ("Notice") and an amended certificate of service stating that Rickert was served with both the Notice and Motion to Dismiss on March 18, 2020. The Notice provided, if Rickert objected to the Motion to Dismiss, she was to file her written opposition and request a hearing within 14 days of the date of the Notice and Motion to Dismiss.

On April 1, 2020, Rickert filed an opposition to the Motion to Dismiss and requested a hearing for April 28, 2020. She argued that SLS's proof of claim failed due to insufficient documentation, and the new evidence contained in the Chain of Title Analysis & Mortgage Investigation and supporting affidavit demonstrated that SLS had no interest in the note. Thus, argued Rickert, SLS had no standing to file a proof of claim or to move to dismiss her complaint. Rickert also objected to the certificates of service,

arguing that the Notice and Motion to Dismiss were actually mailed to her on March 19, not March 18. Consequently, argued Rickert, the 14-day clock should not have started running until March 19, giving her until April 2 to file her opposition. Contrary to her request for an April 28 hearing date, Rickert requested in her opposition that the court rule on the Motion to Dismiss "without a hearing" due to the COVID-19 pandemic and the governor's Stay-at-Home Directive issued on March 26, 2020.

On April 9, 2020, without a hearing, the bankruptcy court entered an order granting the Motion to Dismiss, dismissing Rickert's complaint with prejudice, and vacating the April 28 hearing. The court found that Rickert's complaint failed to comply with the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The court also found that Rickert could not plausibly establish any entitlement to relief because her claims were barred by law of the case. The cognizable claims raised in the complaint — SLS's standing to enforce the note and related fraud claims — were a reassertion of the very claims and arguments she raised in her objection to SLS's proof of claim that had already been explicitly and implicitly adjudicated by the court and the BAP. The court did not allow Rickert to amend the complaint because no amendment would cure its deficiencies. This timely appeal followed.[4]

////

---

[4] The bankruptcy court dismissed Rickert's chapter 13 case on June 2, 2020.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(K). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1. Did the bankruptcy court err in dismissing Rickert's complaint?

2. Did the bankruptcy court abuse its discretion in denying Rickert leave to amend?

## IV. STANDARDS OF REVIEW

We review de novo the bankruptcy court's grant of a Civil Rule 12(b)(6) motion to dismiss. *Movsesian v. Victoria Versicherung AG*, 670 F.3d 1067, 1071 (9th Cir. 2012). In considering a motion to dismiss under Civil Rule 12(b)(6), all well-pleaded factual allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

We review the bankruptcy court's dismissal of a complaint without leave to amend and with prejudice for abuse of discretion. *Tracht Gut, LLC v. L.A. Cty. Treasurer & Tax Collector (In re Tracht Gut, LLC)*, 836 F.3d 1146, 1150 (9th Cir. 2016) (citing *AE ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012)). A bankruptcy court abuses its discretion if it applies the wrong legal standard, or misapplies the correct legal standard, or if it makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v.*

*Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

## V. DISCUSSION

**A.     Standards for Civil Rule 12(b)(6)**

Under Civil Rule 12(b)(6), applicable here by Rule 7012, dismissal is proper if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. While detailed factual allegations are not required, mere labels and conclusions or a formulaic recitation of the elements of a cause of action are not enough. *Iqbal*, 556 U.S. at 678.

The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks and citation omitted). Apart from factual insufficiency, a complaint is also subject to dismissal under Civil Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990), or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

The pleading of a pro se litigant is held to a less stringent standard than a pleading drafted by an attorney, and is afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, a pro se litigant must

be given leave to amend unless it is absolutely clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

When ruling on a Civil Rule 12(b)(6) motion to dismiss, if the bankruptcy court considers evidence outside the pleadings, it must normally convert the motion into one for summary judgment under Civil Rule 56 and give the nonmoving party an opportunity to respond. *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

**B.    The bankruptcy court did not err in dismissing Rickert's complaint.**

Rickert raises several arguments on appeal, which we address in turn. We first consider her arguments regarding due process and alleged technical defects in the Motion to Dismiss.

Rickert argues that the bankruptcy court denied her due process by dismissing her complaint without a hearing. This argument lacks merit. Rickert specifically requested that the court rule on the Motion to Dismiss "without a hearing" given the governor's current Stay-at-Home Directive and the lengthy drive from her home to the courthouse. Thus, we fail to see how Rickert was denied due process when she got exactly what she asked for. In

any case, Rickert had, and took, the opportunity to file an opposition to the Motion to Dismiss, and the court considered it. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (fundamental question for due process is whether appellant received any type of notice that was reasonably calculated under all the circumstances to apprise it of the pendency of the action and afford it an opportunity to present an objection).

In what also appears to be a due process argument, Rickert contends the bankruptcy court erred by considering the "extrinsic evidence" of the BAP's decision in the first appeal, which affirmed the bankruptcy court's rulings that SLS was the party entitled to enforce the note and could pursue its non-bankruptcy remedies under the deed of trust. The BAP's decision is not "extrinsic evidence" but rather is a matter of public record of which the bankruptcy court could take judicial notice. And the court's doing so did not convert the Motion to Dismiss to one for summary judgment requiring notice and an opportunity to respond. *Ritchie*, 342 F.3d at 908; *Mack v. S. Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) ("On a motion to dismiss . . . a court may take judicial notice of facts outside the pleadings. . . . Therefore, on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment.") (citations, quotations, and footnote omitted), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

Rickert next argues that the Motion to Dismiss suffered from various defects including improper service. The bankruptcy court did not address this argument. Rickert argues that the Notice and Motion to Dismiss were mailed to her on March 19, not March 18 as counsel for SLS had represented, and therefore the Motion to Dismiss should have been "dismissed" for not complying with Local Bankruptcy Rules 1017-1(c) and 9013-1(e), "Montana Code Annotated Rule 5," and Civil Rule 12(b)(4) and (5). Even if factually correct, the authority Rickert cites does not help her. Local Bankruptcy Rule 9013-1(e) provides generally that motions must state conspicuously that any opposition is to be filed within 14 days of the motion, which is what the Motion to Dismiss stated. Local Bankruptcy Rule 1017-1(c) applies to the dismissal or conversion of bankruptcy cases based on a debtor's default under a confirmed plan. It has nothing to do with the dismissal of an adversary proceeding. No Montana service rule would apply here, since the bankruptcy court is a federal court with its own rules of civil procedure. Rickert's reliance on Civil Rule 12(b)(4) and (5) to dismiss the Motion to Dismiss is also misplaced; one does not respond to a Civil Rule 12(b) motion with a Civil Rule 12(b) motion.

To the extent Rickert argues that she should have had until April 2 to file an opposition based on an alleged service date of March 19, Rickert offers no different or additional arguments she could have raised had she filed it on April 2 instead of when she did file it, April 1. Therefore, Rickert has not

established that she was prejudiced by the alleged service defect. *See Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 775-77 (9th Cir. 2008) (inadequate notice is harmless error unless the appellant demonstrates prejudice).

Lastly, Rickert argues that the bankruptcy court erred by ignoring her new evidence of the Chain of Title Analysis & Mortgage Investigation, which she claims proves that SLS lacked standing to enforce the note and deed of trust. Citing to Rule 3001 (regarding proofs of claim), Rickert argues that SLS's proof of claim was not supported with proper documentation and was invalid and fraudulent. These are the precise issues that the bankruptcy court previously decided, both explicitly and implicitly, in favor of SLS and that the BAP affirmed in the first appeal. As such, these issues are barred by the doctrine of law of the case. *See Rebel Oil Co. v. Atl. Richfield Co.*, 146 F.3d 1088, 1093 (9th Cir. 1998) ("Under the doctrine of 'law of the case,' a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.").[5]

To the extent Rickert raised new claims against SLS or raised new

---

[5] We also note that the Chain of Title Analysis & Mortgage Investigation was not "newly discovered evidence" even if the bankruptcy court construed Rickert's complaint as a motion for relief from the claim objection order under Civil Rule 60(b)(2). While this report may have contained "new" evidence in Rickert's opinion, the information upon which the report exclusively relied was available to Rickert prior to the evidentiary hearing. "Evidence 'in the possession of the party before the judgment was rendered is not newly discovered.'" *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987)).

11

claims against new defendants, namely counsel for SLS, these claims lacked any factual basis and stemmed entirely from Rickert's previous assertions that SLS defrauded her and the court in the litigation over SLS's proof of claim and stay relief. The bankruptcy court and the BAP already addressed and decided the issue of any alleged fraud by SLS in those matters and found none. Hence, these new claims against SLS were barred by either law of the case or claim preclusion. *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (federal claim preclusion bars second suit when first suit: (1) involved the same claim or cause of action as the second suit; (2) reached a final judgment on the merits; and (3) involved identical parties or privies). And given that SLS's counsel did nothing more than duties typically performed by lawyers in their representation of SLS in the prior action, any claims against them were barred by claim preclusion. *See id.*; *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000) (defendant attorneys appearing by virtue of their activities as representatives of parties in prior suit created privity); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986) (holding that for claim preclusion purposes, privity exists between a party and its attorneys; barring RICO claims against attorneys in second suit).

Because Rickert's complaint was nothing more than an attempt to repeat the same allegations and arguments that were already decided against her, or to raise new claims she failed to raise before, the bankruptcy court did not err in dismissing it.

12

**C.** **The bankruptcy court did not abuse its discretion in denying Rickert leave to amend**.

"Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) (internal quotation marks and citations omitted); *see also Lucas*, 66 F.3d at 248. Rickert did not request an opportunity to amend her complaint before the bankruptcy court. She does not contend that the court should have allowed her to amend her complaint nor does she suggest what amendment she would make had she been allowed to do so. However, given that her claims are barred as a matter of law, any deficiencies of her complaint could not be cured by amendment. *See Jones*, 549 U.S. at 215 (a complaint is subject to dismissal under Civil Rule 12(b)(6) where the allegations on their face are barred for some legal reason). Accordingly, the bankruptcy court did not abuse its discretion in dismissing Rickert's complaint without leave to amend.

## VI. CONCLUSION

For the reasons stated above, we AFFIRM.