**Shawki R. IBRAHIM, Plaintiff,**

v.

**NEW YORK STATE DEPARTMENT OF HEALTH, OFFICE OF HEALTH SYSTEMS MANAGEMENT, Defendant.**

**No. CV 82–0177 (RJD).**

United States District Court, E.D. New York.

Aug. 16, 1988.

See also 581 F.Supp. 228.

Lloyd Somer, New York City, for plaintiff.

Charles F. Sanders, Asst. Atty. Gen., New York City, for defendant.

## MEMORANDUM AND ORDER

DEARIE, District Judge.

Plaintiff moves to amend his complaint to add a cause of action for race discrimination under 42 U.S.C. § 1981, in light of *St. Francis College v. Al–Khazraji*, 481 U.S. 604, 107 S.Ct. 2022, 95 L.Ed.2d 582 (1987). Defendant opposes that motion on the grounds that (1) the Eleventh Amendment to the United States Constitution bars suit under 42 U.S.C. § 1981 against the defendant agency of New York State, *see Daisernia v. New York*, 582 F.Supp. 792 (N.D.N.Y.1984), and (2) that the proposed Section 1981 claim is barred by the *res judicata* effect of the "no probable cause" finding issued against Ibrahim by the State Division of Human Rights, *see University of Tennessee v. Elliott*, 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986); *DeCintio v. Westchester County Med. Center*, 821 F.2d 111 (2d Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987). Defendant further cross-moves to amend its answer to include the claim preclusion defense against plaintiff's age discrimination claim brought under 29 U.S.C. § 621 *et seq.*, and for judgment on the pleadings on that claim, in light of *DeCintio*.

It appears that neither the Supreme Court nor the Second Circuit has squarely decided the applicability of Eleventh Amendment immunity to actions pursuant to 42 U.S.C. § 1981. *Cf. Kirkland v. New York State Dept. of Correctional Servs.*, 520 F.2d 420 (2d Cir.1975) (affirming certain relief granted against state under Section 1981 without discussing possible immunity), *cert. denied*, 429 U.S. 823, 97 S.Ct. 73, 50 L.Ed.2d 84 (1976). Numerous district courts and at least one court of appeals have addressed this issue, however. Judge McCurn's particularly thorough analysis in *Daisernia* acknowledged a "weighty argument that Congress, in enacting Section 1981, intended to override the sovereign immunity of the states," 582 F.Supp. at 802. Judge McCurn concluded, however, that the logic of *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), compelled application of Elev-

enth Amendment immunity to Section 1981 claims.

The Court adopts *Daisernia's* analysis of Section 1981's history, but is uncertain about *Daisernia's* conclusion. Given the statute's background, claims under Section 1981 may be distinguishable from the claims barred in *Quern* and *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985); instead, Section 1981 may be more closely analogous to the statutes involved in *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976) (Title VII of Civil Rights Act of 1964) and *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) (42 U.S.C. § 1988), than to Section 1983 as analyzed in *Quern.* This Court thus might very well decline to apply Eleventh Amendment immunity to claims asserted against states pursuant to 42 U.S.C. § 1981.

■ However, this difficult constitutional issue need not be decided at the present time, because plaintiff's proposed Section 1981 claim founders upon a non-constitutional shoal. *Elliott* and *DeCintio, supra,* establish that facts found in adjudications of Section 1981 claims by state administrative agencies have preclusive effect on subsequent efforts to relitigate the same claims in federal court. There is no question here that the essence of plaintiff's claim—though styled a claim for discrimination against him based on his Arab descent rather than his Egyptian national origin—was brought before the New York State Division of Human Rights (SDHR) and the erstwhile appellate agency, the New York State Human Rights Appeal Board (SHRAB).

Plaintiff contends that he did not have a "full and fair opportunity" to litigate his claim in the state agencies. He argues that he proceeded *pro se* in the administrative adjudication, was denied a judicial style hearing, and was ruled against on the basis of an incomplete record. The Court is unconvinced, however, that plaintiff has met his burden of "establishing that he did not have a full and fair *opportunity* to litigate," *DeCintio,* 821 F.2d at 118 (emphasis

added). The informal nature of SDHR's investigatory and adjudicatory procedures does not prevent SDHR determinations from having preclusive effect. *Id.* at 117; *Kirkland v. City of Peekskill,* 828 F.2d 104, 107–109 (2 Cir.1987). The cases relied on by plaintiff, notably *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), and *Bottini v. Sadore Mgt. Corp.,* 764 F.2d 116 (2d Cir. 1985), all predate both *Elliott* and *DeCintio.* Furthermore, *Bottini* involved a claim brought under Title VII, 42 U.S.C. § 2000e *et seq.* Because of the statutory *requirement* that Title VII claims be subjected to administrative scrutiny before they are brought in federal court, such claims have been protected from preclusion by administrative findings. *Elliott,* 106 S.Ct. at 3223–25; *DeCintio,* 821 F.2d at 114–15. The same is not true for Section 1981 claims.

The Court concludes, because plaintiff has not shown that he lacked a full and fair opportunity to press his claim before SDHR and SHRAB, that any Section 1981 claim would be precluded by the administrative finding of no probable cause. Thus the Section 1981 claim, if added to the complaint, would inevitably be dismissed. Therefore, denial of leave to amend the complaint is appropriate. *Wilder v. Thomas,* 659 F.Supp. 1500 (S.D.N.Y.1987); *see Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

■ Defendant asks the Court also to apply preclusive effect to the administrative agencies' determinations that there was no probable cause to believe that plaintiff was discriminated against because of his age. The Court declines to do so. The Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.,* conditions the right to sue in federal court on prior filing of a charge with the Equal Employment Opportunity Commission or an appropriate state agency. 29 U.S.C. § 626(d). The requirement is not dissimilar to Title VII's. 42 U.S.C. § 2000e–5(f). The Court, therefore, concludes that age discrimination claims, like Title VII claims, and unlike claims under the Reconstruction Civil Rights Acts, are not precluded by state administrative

adjudications that are unreviewed by a state court. This Court thus agrees with *Duggan v. Board of Education,* 818 F.2d 1291 (7th Cir.1987) and *Rosenfeld v. Dept. of the Army,* 769 F.2d 237 (4th Cir.1985), and disagrees with *Stillians v. Iowa,* 843 F.2d 276 (8th Cir.1988).[1] The Second Circuit has apparently not yet addressed the question raised by defendant's motion.

For the reasons stated above, plaintiff's motion to amend the complaint is denied. Defendant's motion to amend the answer, and for partial judgment on the pleadings, is also denied.

SO ORDERED.

---

1. On a closely related issue, the Eleventh and Ninth Circuits have held that age discrimination suits were not precluded by state agencies' determinations that the plaintiffs were ineligible for unemployment benefits. *Delgado v. Lockheed–Georgia Co.,* 815 F.2d 641, 646–47 (11th Cir.1987); *Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1282–84 (9th Cir.1986). In *Delgado,* the court reasoned that an unemployment insurance agency is an inappropriate forum for determining age discrimination claims, and explicitly declined to decide whether rulings by a state agency "charged with the enforcement of state age discrimination laws" might have preclusive effect. *Mack* held that the unemployment insurance agency had not provided an adequate opportunity to litigate the claim of age discrimination. *Mack* strongly implied that had the state agency afforded adequate opportunity to litigate, the agency's determination would have had preclusive effect. To the extent that *Mack* so held, this court disagrees with *Mack* as well.