Charles W. HECKMAN, Plaintiff,

v.

**STATE UNIVERSITY OF NEW YORK COLLEGE AT BROCKPORT and Research Foundation of the State University of New York, Inc., Defendants.**

Nos. 86–CV–455, 86–CV–546.

United States District Court,
N.D. New York.

May 9, 1990.

Rodney A. Richards, Binghamton, N.Y., for plaintiff.

Robert Abrams, Atty. Gen., State of N.Y., Albany, N.Y. (Lawrence L. Doolittle, of counsel), for defendant SUNY–College at Brockport.

Kohn, Bookstein & Karp, Albany, N.Y. (Edward L. Bookstein, of counsel), for defendant Research Found.

## MEMORANDUM–DECISION AND ORDER

McAVOY, District Judge.

### INTRODUCTION

In response to an amended complaint filed by Charles W. Heckman, a retired Air Force captain and a veteran of the Viet Nam War, alleging discrimination on account of age in connection with defendants' failure to hire plaintiff for the position of Aquatic Biology Post Doctoral Research Associate, a position to be funded by a grant from the New York State Electrical and Gas Company (NYSEG), defendants SUNY–College at Brockport (SUNY–Brockport) and Research Foundation of the State University of New York, Inc. (Research Foundation) have each moved for summary judgment. Briefly, SUNY–Brockport argues (a) that the cause of action asserted under 42 U.S.C. § 6102 must be dismissed because the position for which plaintiff ap-

plied was not part of a federally-funded program and (b) that the cause of action under the ADEA must be dismissed because it was not the proposed employer for the position in question, and, hence, not within the scope of 29 U.S.C. § 623, and because plaintiff is collaterally estopped from litigating his federal age discrimination claim by virtue of the finding of "no probable cause" by the New York State Division of Human Rights (SDHR). Defendant Research Foundation predicates its summary judgment motion solely on the ground that plaintiff is collaterally estopped from litigating his federal age discrimination claim because of the "no probable cause" finding by the SDHR. For the reasons that follow, the court grants the motion of SUNY–Brockport for summary judgment dismissing the cause of action under 42 U.S.C. § 6102 but otherwise denies the remainder of both defendants' motions.

## BACKGROUND

At some point in the first half of 1984, the Research Foundation "for and in conjunction with SUNY College at Brockport" submitted a proposal to NYSEG for the funding of a 37–month project relating to the thermal ecology of Lake Ontario fishes. The project was to be administered through the Research Foundation, an educational, non-profit corporation chartered by the New York Board of Regents in 1951, by members of the SUNY–Brockport Biology Department; the principal investigator of the project was to be Dr. James M. Haynes, Associate Professor in SUNY–Brockport's Biology Department. In early June 1984, SUNY–Brockport, through a panel consisting of the head of the Biology Department, two additional faculty members and a female minority student, began to review applications for the position—which had been advertised in various professional journals—of Aquatic Biology Post Doctoral Research Associate for the project. Plaintiff, who at the time was 43 years old, submitted his application for the position in early June which, because it had been sent from Germany where plaintiff was then located, was not received in full by SUNY-Brockport until late June by which time the panel had already developed a list of 10 finalists from some 27 applicants. Plaintiff's application was reviewed by the panel nonetheless. However, on August 2, 1984, Dr. Haynes informed plaintiff by letter that a Dr. Joseph K. Buttner had been offered and had accepted the position.

Disgruntled, on August 15, 1984, plaintiff filed an age discrimination charge against SUNY–Brockport with the Equal Employment Opportunity Commission which then filed the charge with the New York State Division of Human Rights. *See* August 21, 1984 Letter from ADEA Supervisor Richard Alpert to Plaintiff. Thereafter, on January 3, 1985, the EEOC received an age discrimination charge against the Research Foundation filed first with the SDHR. *See* January 7, 1985 Letter from EEOC Area Director Sidney Harris to Plaintiff. On September 26, 1985, the SDHR commenced a field investigation at SUNY–Brockport talking to Drs. Lawrence Kline, James Haynes and Joseph Makarewicz, all of whom, as members of the Biology Department, were on the selection panel; on October 10, 1985, the SDHR conducted a telephone interview with the student member of the panel. On September 30, 1985, the SDHR issued a "field investigation report" on the charges filed by plaintiff; the SDHR rendered a "no probable cause" finding in both cases on November 26, 1985 and so informed plaintiff in writing on December 18, 1985. *See* December 18, 1985 Letter from SDHR Regional Director Forrest Cummings, Jr. to Plaintiff.

Subsequently, plaintiff, proceeding *pro se*, filed two actions in this court which were thereafter consolidated. Pursuant to an order of this court filed on February 27, 1989, plaintiff, who had by then secured counsel, was given permission to amend his pleadings to assert age discrimination claims under 29 U.S.C. § 623 and 42 U.S.C. § 6102. Defendants have moved for summary judgment dismissing these claims.

## DISCUSSION

A.  42 U.S.C. § 6102

█  As provided by 42 U.S.C. § 6102 (1983), "no person in the United States

shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." Even assuming that section 6102 creates a private right of action, *see Stephanidis v. Yale University,* 652 F.Supp. 110, 112–113 (D.Conn.1986), *aff'd without opn.,* 814 F.2d 654 (2d Cir. 1987), plaintiff's cause of action under 42 U.S.C. § 6102 must be dismissed because the program under which the position of Aquatic Biology Post Doctoral Research Associate had been created was to be supported privately by funds from NYSEG and not publicly by funds from the Federal government.

B. 29 U.S.C. § 623

### 1. *SUNY–Brockport as "employer"*

■ The ADEA provides in pertinent part that

[i]t shall be unlawful for an employer—to fail or refuse to hire ... any individual ... because of such individual's age[.]

29 U.S.C. § 623(a)(1). SUNY–Brockport argues that, in the present case, the State University of New York was not the proposed employer for the position for which plaintiff applied and, in fact, plaintiff had never applied to SUNY itself but had actually applied to the Research Foundation, the real employer, and that therefore SUNY–Brockport cannot be considered an employer within the scope of the ADEA. In support of this position, SUNY–Brockport relies on the fact that the position for which plaintiff applied was to be funded by NYSEG. In the court's view, based on the documents in the record, this argument lacks merit.

Although, as observed in *Sweeney v. Research Foundation of State University of New York,* 711 F.2d 1179 (2d Cir.1983), the Research Foundation itself is an educational, non-profit corporation chartered by the New York Board of Regents in 1951 to, among other things, receive and administer grants for the benefit of the State University of New York, *id.* at 1181, the record reveals that the post doctoral research associate for the project to be funded by NYSEG was to be, and was in fact, hired by a panel of members from the SUNY–Brockport academic community (three of whom were members of the Biology Department). Moreover, the letter acknowledging receipt of plaintiff's initial application materials was sent on SUNY–Brockport Department of Biological Sciences stationery as was the letter informing plaintiff that he had not been selected for the position. In fact, the August 2, 1984 letter of rejection thanks plaintiff "for applying for the Aquatic Biology Post–Doctoral Research Associate position at SUNY Brockport." In short, the person for the Research Associate position was to be, and was in fact, selected by the SUNY–Brockport panel members to work on the NYSEG-funded Research Foundation project through the SUNY–Brockport Biology Department; that is to say, the record reveals that the SUNY–Brockport Department of Biology was responsible for hiring, and in fact did hire, a post-doctoral researcher to work on the NYSEG-funded project. The court fails to understand how the entity that does the hiring for a position with it should not be deemed the employer of the person selected to fill that position.

Accordingly, the motion of SUNY–Brockport for summary judgment dismissing the age discrimination claim on the ground that it was not the employer of the person selected for the research associate position is denied.

### 2. *Collateral estoppel*

■ Both defendants, relying on *University of Tennessee v. Elliott,* 478 U.S. 788, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986), *Kirkland v. City of Peekskill,* 828 F.2d 104 (2d Cir.1987), *Zanghi v. Village of Old Brookville,* 752 F.2d 42 (2d Cir.1985), and *Ryan v. New York Telephone Co.,* 62 N.Y.2d 494, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984), argue that as a matter of law and fact the judicially-unreviewed "no probable cause" determination by the New York State Division of Human Rights in plaintiff's two age discrimination charges should be given preclusive effect in a subsequent federal court action alleging age discrimination under

the ADEA. At the time these motions were argued the issue whether, in light of *Elliott,* and perhaps more significantly *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), an unreviewed state administrative determination may be accorded preclusive effect in a subsequent federal court action brought under the ADEA had divided the circuits, *see Stillians v. Iowa,* 843 F.2d 276, 279–283 (8th Cir.1988) (plaintiff precluded) (2:1 decision); *Duggan v. Board of Education of East Chicago Heights,* 818 F.2d 1291, 1294–1297 (7th Cir.1987) (plaintiff not precluded), and, in fact, had divided the Eastern District of New York, *see Solimino v. Astoria Federal Savings and Loan Association,* 715 F.Supp. 42, 45–51 (1989) (plaintiff precluded); *Ibrahim v. New York State Department of Health, Office of Health Systems Management,* 692 F.Supp. 1471, 1473–1474 (1988) (plaintiff not precluded).

At oral argument the court noted that an appeal in *Solimino* was pending and that, therefore, the court would reserve decision and await a ruling from the Second Circuit. The Second Circuit has spoken, *see Solimino v. Astoria Federal Savings and Loan Association,* 901 F.2d 1148 (1990), and has reversed the lower court's judgment stating that "[w]e are persuaded from our review of the ADEA that Congress intended that a finding of no discrimination by a state agency which has not been judicially reviewed should have no preclusive effect in federal court," *id.* at 1150. Accordingly, defendants' motions for summary judgment dismissing the ADEA cause of action on the ground of collateral estoppel is denied.

## CONCLUSION

The summary judgment motion of SUNY–Brockport seeking dismissal of the cause of action asserted under 42 U.S.C. § 6102 is granted. The summary judgment motions seeking dismissal of the ADEA cause of action are denied.