Jack REUBENS, Plaintiff,

v.

NEW YORK CITY DEPARTMENT OF
JUVENILE JUSTICE, Defendant.

No. 94 Civ. 5311 (JGK).

United States District Court,
S.D. New York.

June 17, 1996.

Joe Field, New York City, for Plaintiff.

Kenneth Michaels, Assistant Corporation Counsel, City of New York, New York City, Kay C. Murray, NYC Department of Juvenile Justice, New York City, for Defendant.

### OPINION AND ORDER

KOELTL, District Judge:

The plaintiff Jack Reubens moves pursuant to Fed.R.Civ.P. 15(a) to amend his complaint to add two causes of action, one under 42 U.S.C. § 1983 and the other under Art. I, § 11 of the New York State Constitution.

He argues that the actions of the defendant, the New York City Department of Juvenile Justice ("DJJ"), violated his rights under the Equal Protection Clause of the United States Constitution and the New York State Constitution. The defendant opposes this motion on two grounds: (1) to amend the complaint at this late date would prejudice the defendant, and (2) the proposed amendment would be futile because the additional claims are precluded by the doctrine of collateral estoppel and are to a large extent time-barred. For the following reasons, the plaintiff's motion to file a Second Amended Complaint is denied.

### I.

The plaintiff filed the complaint in this action on July 20, 1994. On June 23, 1995, the plaintiff filed an amended complaint. The Court subsequently issued a scheduling order giving the plaintiff until August 3, 1995 to add any additional claims, except for good cause shown. Discovery was to be completed by September 29, 1995. At a conference held on October 23, 1995, the plaintiff informed the Court that he intended to make a motion to file a second amended complaint. This motion was fully briefed and filed with the Court on January 11, 1996. The Court extended the discovery cut-off to January 31, 1996, but the plaintiff's attorney reported by letter on February 13, 1996 that discovery was not complete and could not be completed before a decision on the current motion to amend. The parties agree that the proposed additional claims arise out of the same conduct set forth in the First Amended Complaint.

Because a responsive pleading has already been served in this action, leave to amend at this point must be obtained from the Court. Fed.R.Civ.P. 15(a). Rule 15(a) provides that " 'leave shall be freely given when justice so requires.' " *Nerney v. Valente & Sons Repair Shop*, 66 F.3d 25, 28 (2d Cir.1995) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). Undue delay, undue prejudice to the opposing party, and futility of the amendment are among the reasons to deny leave.

*Foman,* 371 U.S. at 182, 83 S.Ct. at 230; *Nerney,* 66 F.3d at 28–29; *Acito v. IMCERA Group, Inc.,* 47 F.3d 47, 55 (2d Cir.1995).

## II.

■ The defendant first argues that it would be prejudiced if the plaintiff were allowed to amend his complaint at this late date. "Undue delay" should be taken into account when ruling on a motion to amend a complaint. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230; *Mackensworth v. S.S. American Merchant,* 28 F.3d 246, 251 (2d Cir.1994). The Court has discretion to deny leave to amend "where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.1990). In determining prejudice to the nonmoving party, the Court must consider, among other factors, "whether the assertion of the new claim would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; ..." *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir.1993). The Court may not deny a motion to amend on the basis of delay absent a showing of bad faith or undue prejudice, however. *Id.*

Here, the plaintiff waited for almost three months after the deadline for adding new causes of action to tell the Court that he wanted to amend the complaint for a second time. The plaintiff offers no reason for his delay except that a "further and more detailed analysis of the underlying facts" revealed that the Juvenile Justice's policies themselves discriminated against white employees. (Joel Field Aff. ¶ 9.)

■ Unexplained undue delay is not a sufficient basis to deny a motion to amend, however, unless there is a showing that the defendant would be prejudiced by the amendment. *Block,* 988 F.2d at 350. The defendant claims that it would be prejudiced if the plaintiff were given leave to amend at this late date because the proposed claims would involve a substantial amount of additional discovery concerning the policies, practices, and customs of DJJ. The plaintiff stated at oral argument, however, that no additional discovery would be necessary. Accordingly, the defendant has failed to demonstrate that it would be prejudiced by the proposed amendment.

## III.

■ The defendant also argues that the plaintiff's motion to amend should be denied on grounds of futility because the additional claims would be barred by the doctrine of collateral estoppel and the applicable statute of limitations. Futility is an adequate ground for denial of a motion to amend. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230; *Azurite Corp. Ltd. v. Amster & Co.,* 52 F.3d 15, 19 (2d Cir.1995).

■ The defendant first contends that the proposed additional claims are barred by the doctrine of collateral estoppel. In April 1987 the plaintiff filed a charge with the City Commission on Human Rights ("Commission") that he had been discriminated against by his employer DJJ on the basis of race, color, and creed. Although the plaintiff was permitted to submit evidence in support of his case and the Commission conducted an extensive investigation, the Commission did not conduct a hearing on the matter and the plaintiff was therefore unable to cross-examine any of DJJ's witnesses. By Determination and Order of Investigation, dated May 21, 1993, the City Commission found no probable cause to believe that plaintiff had been discriminated against on the basis of his race, color, or creed, and dismissed the complaint. The Commission's Determination and Order summarized the evidence on which it concluded that there was no probable cause, including documentary evidence and the statements of the plaintiff and other witnesses. The defendant claims that this determination precludes the proposed additional claims because the plaintiff had a full and fair opportunity to litigate these claims in the City Commission.

■ Federal courts must give a state administrative agency's fact-finding the same preclusive effect to which it would be entitled in that state's courts. *University of Tennessee v. Elliott,* 478 U.S. 788, 799, 106 S.Ct.

3220, 3226–27, 92 L.Ed.2d 635 (1986); *Kirkland v. City of Peekskill,* 828 F.2d 104, 106–07 (2d Cir.1987); *DeCintio v. Westchester County Med. Ctr.,* 821 F.2d 111, 117 (2d Cir.1987). Under New York law, "[t]he doctrine of collateral estoppel 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party ... whether or not the tribunals or causes of action are the same.'" *Fletcher v. Atex, Inc.,* 68 F.3d 1451, 1457 (2d Cir.1995) (quoting *Ryan v. New York Tel. Co.,* 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 826, 467 N.E.2d 487, 490 (1984)). An agency's resolution of a factual issue adverse to the complainant will bar a federal court action brought under 42 U.S.C. § 1983 if (1) the agency was acting in a judicial capacity, and (2) the disputed issues of fact were properly before the agency employing "procedures substantially similar to those used in a court of law," and the parties were given an adequate opportunity to litigate them. *Ryan,* 62 N.Y.2d at 499, 478 N.Y.S.2d at 825–26, 467 N.E.2d at 489–90; *Long Island Lighting Co. v. Imo Indus., Inc.,* 6 F.3d 876, 885 (2d Cir.1993); *see also Elliott,* 478 U.S. at 796–98, 106 S.Ct. at 3224–26 (the common-law rules of issue preclusion apply to § 1983 actions). The proponent of collateral estoppel has the burden of showing that the issue in the prior proceeding was identical and decisive; the opponent bears the burden of demonstrating that it did not have a full and fair opportunity to litigate the issue in the prior proceeding. *Khandhar v. Elfenbein,* 943 F.2d 244, 247–48 (2d Cir.1991); *DeCintio,* 821 F.2d at 117; *Kaufman v. Eli Lilly & Co.,* 65 N.Y.2d 449, 456, 492 N.Y.S.2d 584, 588, 482 N.E.2d 63, 67 (1985); *Ryan,* 62 N.Y.2d at 501, 478 N.Y.S.2d at 827, 467 N.E.2d at 491.

The defendant has met its burden of establishing the identity and decisiveness of the Commission's decision. Both the current action and the action before the Commission involved allegations of discrimination based on race, color, and creed, and a different judgment in this action would impair rights the Commission's decision established. *See Igielnik v. NYC Human Resources Admin.,* No. 94 Civ. 0810, 1996 WL 137303, at *2

(S.D.N.Y. March 27, 1996) (finding that defendant had met burden of demonstrating the "identicality and decisiveness" of a decision by the Commission). In addition, the plaintiff concedes that the Commission acted in a judicial capacity and that the issue was properly before the agency.

The only remaining question, then, is whether the plaintiff has met his burden of demonstrating that he was not given an adequate opportunity to litigate the issue of discrimination before the Commission. In *Igielnik v. NYC Human Resources Admin.,* No. 94 Civ. 0810, 1996 WL 137303 (S.D.N.Y. March 27, 1996), Judge Baer held that the Commission's finding had preclusive effect because the plaintiff had not presented any arguments that he had been denied a full and fair opportunity to litigate before the Commission. *Id.* at *3. The plaintiff in this case contends that the Commission's determination should not be given preclusive effect because it failed to conduct any sort of proceeding where he would have had an opportunity to examine or cross-examine witnesses, that he was never given an opportunity to review DJJ's evidence until after the Commission had made its determination, and that the Commission disregarded evidence that he had presented indicating that DJJ had acted unlawfully. The defendant counters that the plaintiff was given a full and fair opportunity to litigate the issue because he was allowed to present information and witnesses, a formal hearing with the availability of cross-examination is not required for the doctrine of collateral estoppel to apply, and that the dismissal was subject to review by the Chair of the Commission and then by a state court in an Article 78 proceeding.

The plaintiff concedes that in *DeCintio v. Westchester County Medical Center,* 821 F.2d 111, 117–18 (2d Cir.), *cert. denied,* 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987), the Court of Appeals for the Second Circuit held that a finding of "no probable cause" by the New York State Division of Human Rights Agency ("NYDHR") bars a subsequent 42 U.S.C. § 1983 claim based on the same facts. The plaintiff argues that the *DeCintio* decision is distinguishable from the

present case, however, because in *DeCintio* the court noted that the complainant "admit[ted] to having 'fleshed out' the issues at the SDHR hearing" and therefore had a full and fair opportunity to litigate his claim. *DeCintio*, 821 F.2d at 118. Here, the plaintiff argues, the Commission did not offer him a similar opportunity to have a hearing and to examine witnesses.

Although *DeCintio* did not discuss whether a formal hearing is necessary to provide a party with a full and fair opportunity to litigate, the Court of Appeals answered this question in the negative in *Kirkland v. City of Peekskill*, 828 F.2d 104, 107–09 (2d Cir. 1987). In *Kirkland*, the court rejected the argument that a formal adversarial hearing with the opportunity to cross-examine opposing witnesses was necessary for the doctrine of collateral estoppel to apply. 828 F.2d at 107–09; *see also Kirkland v. City of Peekskill*, 651 F.Supp. 1225, 1230 (S.D.N.Y.), *aff'd*, 828 F.2d 104 (1987) ("The fact that NYSDHR never held a formal hearing in this case does not deprive its determination of res judicata effect."); *Ibrahim v. New York State Dep't of Health*, 692 F.Supp. 1471, 1473 (E.D.N.Y. 1988) (NYSDHR's findings have preclusive effect even though complainant was *pro se* in administrative adjudication, no judicial-style hearing was held, and a decision was reached on the basis of an incomplete record). *Kirkland* clearly held that as long as the NYSDHR conducts a sufficiently thorough investigation and the complainant is given a full opportunity to present his charges against his employer, a determination of no probable cause by the NYSDHR is entitled to preclusive effect even in the absence of a formal hearing and opportunity to conduct cross-examination.

▆▆ The decision in *Kirkland* was based in part on the procedures the NYSDHR followed to make a "no probable cause" determination. An agency's resolution of factual issues is entitled to preclusive effect if the agency employed "procedures substantially similar to those used in a court of law." *Ryan*, 62 N.Y.2d at 499, 478 N.Y.S.2d at 825–26, 467 N.E.2d at 489–90. The Court of Appeals in *Kirkland* noted that there was no showing that the procedures followed by the

New York State Division of Human Rights were deficient. The NYSDHR received sworn statements on the complainant's behalf as well as portions of depositions taken in connection with related federal actions, took his testimony while his counsel was present, and contacted a number of his witnesses. These procedures were found sufficient to support the application of the collateral estoppel doctrine.

Reubens has failed to meet his burden of showing that the procedures followed by the Commission were insufficient. Like the plaintiff in *Kirkland*, Reubens was given a full opportunity to present any evidence to support his case against his employer to the Commission. In addition, as indicated in the Determination and Order, the Commission conducted a thorough investigation. The Commission interviewed Reubens and DJJ employees, including the then-Commissioner of DJJ Rose Washington, and reviewed numerous documents, including the DJJ budget and memoranda regarding the implementation of budget cuts, resumes of applicants for Director of Personnel at DJJ and the Director of Labor Relations at DJJ, records regarding DJJ personnel transfers, and Reubens' own personnel file. The Commission ultimately issued an eight-page opinion detailing the grounds for its determination that there was no evidence to support the plaintiff's allegations of discrimination. Under the Commission's procedures, the plaintiff had the right to seek review of the Commission's findings by the Chair of the Commission and to appeal the decision in a state court Article 78 proceeding. *See* 47 R.C.N.Y. §§ 1.03(e)(3), 1–22(f); N.Y.C.Admin.Code § 8–110. A hearing would have been held if there had been a determination of probable cause. *See* N.Y.C.Admin.Code § 8–116; 47 R.C.N.Y. §§ 1–105. In sum, the procedures that the Commission followed "were sufficient both quantitatively and qualitatively, so as to permit confidence that the facts asserted were adequately tested, and that the issue was fully aired." *Allied Chemical v. Niagara Mohawk Power Corp.*, 72 N.Y.2d 271, 276–77, 532 N.Y.S.2d 230, 232, 528 N.E.2d 153, 155 (1988).

■ The plaintiff's allegation that the Commission's finding is not entitled to preclusive effect because the Commission allegedly did not consider the tapes he offered as evidence of discrimination lacks merit. Issue preclusion does not depend on whether the prior determination was free from any error. *See Milliken v. Meyer,* 311 U.S. 457, 462, 61 S.Ct. 339, 342, 85 L.Ed. 278 (1940); *Mitchell v. National Broadcasting Co.,* 553 F.2d 265, 271–72 (2d Cir.1977) (citing *Milliken* ). The issue of whether to consider a particular item of evidence and the weight to afford it was a matter committed in the first instance to the City agency that the plaintiff could have challenged in an Article 78 proceeding. It cannot be raised as a bar to collateral estoppel. Any contrary rule would allow the administrative determination to be relitigated and would eviscerate the doctrine of collateral estoppel.

Accordingly, under the doctrine of collateral estoppel the Commission's finding of no probable cause would bar the plaintiff from litigating a claim for denial of equal protection under § 1983 and the New York State Constitution. As such, the plaintiff's motion to amend his complaint to include these claims must be denied on the grounds of futility.[1]

### CONCLUSION

For the reasons stated above, the plaintiff's motion for leave to amend is DENIED.

**SO ORDERED.**

---

1. It is therefore unnecessary to reach the defendant's argument that the proposed amendment would be futile because many of the incidents alleged in the additional claims are time-barred. It is particularly appropriate not to reach that argument since even if the argument were successful it would bar only part of the new claims the plaintiff seeks to assert.