Karen **BREYETTE**, Plaintiff,

v.

George H. **AMEDORE**, Ed.D., Superintendent of Schools, Plattsburgh City School District; and Board of Education, Plattsburgh City School District, Defendants.

No. 00–CV–0690 NAM/RFT.

United States District Court, N.D. New York.

Feb. 21, 2002.

Dreyer Boyajian, LLP, Daniel J. Stewart, of counsel, Albany, NY, for plaintiff.

Bartlett, Pontiff, Stewart & Rhodes, P.C., Benjamin R. Pratt, Jr., of counsel, Glens Falls, NY, for Defendants.

## MEMORANDUM–DECISION AND ORDER

TREECE, United States Magistrate Judge.

Presently pending is Plaintiff's motion for leave to file an amended complaint pursuant to Fed.R.Civ.P. 15(a) to: (1) correct a typographical error in the caption of the original complaint;[1] (2) clarify her retaliation claim; (3) add claim under the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.*, and a claim under 42 U.S.C. § 1983 based upon due process and First Amendment retaliation; and (4) substitute the state law claim of intentional infliction of emotion distress with a state law claim of negligent infliction of emotional distress. Docket Nos. 20 & 21. Defendants oppose the motion. Docket No. 23. For the reasons that follow, Plaintiff's motion is granted.

## BACKGROUND

Plaintiff Karen Breyette ("Breyette" or "Plaintiff") was formerly a school teacher employed by defendant Plattsburgh City School District ("Plattsburgh"). On May 5, 2000, Breyette filed this action alleging that her supervisor, Robert Scoskie ("Scoskie") sexually harassed her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq. See generally,* Compl. (Docket No. 1). Plaintiff also alleges that Plattsburgh and defendant George Amedore retaliated against her for filing a complaint with the Equal Employment Opportunity Commission ("EEOC"). *See id.*

Breyette was originally represented by Byron O'Connell, Esq. of O'Connell & O'Connell. See Stewart Aff. (Docket No. 21), ¶ 5. Unfortunately, Mr. O'Connell became sick and ultimately passed away. *Id.* Daniel J. Stewart, Esq. of Dreyer Boyajian, LLP was subsequently substituted as counsel for Plaintiff. *Id.* In light of the substitution of counsel, Plaintiff requested and was granted an extension of the time in which to amend the pleadings to December 1, 2001. Docket No. 19. Since December 1, 2001, fell on a

---

1. Since this request is a mere technical matter, leave to file an amended complaint to correctly spell defendant Amedore's name is granted without further discussion. *See, e.g., United States v. D'Agostino,* No. 96 CV 4965, 1998 WL 919872, at *4 (E.D.N.Y. Dec. 7, 1998).

Saturday, Plaintiff's motion filed December 3, 2001 is timely.

### DISCUSSION

■ Fed.R.Civ.P. 15(a) states, in pertinent part, that leave to amend the complaint should be "freely given when justice so requires." Indeed, leave to amend should be denied only in the face of undue delay, bad faith, undue prejudice to the nonmovant, futility of amendment or where the movant has repeatedly failed to cure deficiencies in previous amendments. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Day v. Morgenthau,* 909 F.2d 75, 78 (2d Cir.1990). Furthermore, district courts are vested with broad discretion to grant a party leave to amend the pleadings. *See Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel,* 145 F.3d 85, 89 (2d Cir.1998). "The party opposing a motion for leave to amend has the burden of establishing that granting such leave would be unduly prejudicial." *State of New York v. Panex Indus., Inc.,* No. 94–CV–0400E, 1997 WL 128369, at *2 (W.D.N.Y. Mar. 14, 1997) (citing *Saxholm AS v. Dynal, Inc.,* 938 F.Supp. 120, 123 (E.D.N.Y.1996)); *see also Lamont v. Frank Soup Bowl, Inc.,* No. 99CIV12482, 2000 WL 1877043, at *2 (S.D.N.Y. Dec. 27, 2000) (citation omitted). This requires the non-movant to "do more than simply claim to be prejudiced." *Bryn Mawr Hosp. v. Coatesville Elec. Supply Co.,* 776 F.Supp. 181, 185 (E.D.Pa.1991).

■ Here, Defendants contend that leave should be denied because the proposed amendments are untimely [2] and prejudicial. Plaintiff brings this motion to amend approximately one-and-a-half years after filing the complaint. Courts have the discretion to deny leave to amend "where the motion is made after an inordinate delay." *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.1990). Such motions, however, should not be denied on the ground of delay absent bad faith or undue prejudice. *See Block v. First*

*Blood Assocs.,* 988 F.2d 344, 350 (2d Cir. 1993); *see also Howze v. Jones & Laughlin Steel Corp.,* 750 F.2d 1208, 1212 (3d Cir.1984) (delay alone is insufficient ground to deny a motion to amend). Breyette brings this motion after retaining new counsel following the death of her first attorney. Since Plaintiff has sufficient justification for the delay in bringing this motion, it should be granted in the absence of prejudice to Defendants.

■ To determine whether the defendant will be prejudiced by leave to amend the complaint, courts should "consider whether the assertion of the new claim[s] would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block,* 988 F.2d at 350 (collecting cases). Defendant have failed to establish any undue prejudice. Discovery has not yet been completed. Indeed, Defendants have yet to dispose Breyette. *See* Haynes Aff. (Docket No. 23), ¶ 3. Thus, permitting the proposed amendments would not require a substantial amount of additional discovery. *See Reubens v. New York City Dep't of Juvenile Justice,* 930 F.Supp. 887, 889 (S.D.N.Y.1996).

■ Additionally, Defendants contend that they are prejudiced because the additional claims allege new facts not contained in the original complaint. *See* Haynes Aff., ¶ 4. The only new facts alleged involve an allegation that the Defendants continued to retaliate against Breyette subsequent to the filing of the original complaint. *Id.* Fed.R.Civ.P. 15(d) specifically permits parties "to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." To hold otherwise would require plaintiffs to file separate actions and then move to consolidate the two actions. Judicial economy is better served by permitting Breyette to amend this com-

---

2. It is unclear whether Defendants contend that the proposed amendments are untimely under the Pretrial Scheduling Order, constitute undue delay or are barred under the applicable statutes of limitations. As noted above, the motion is not untimely under the Pretrial Scheduling Order. Despite the lack of clarity in Defendants' papers, the remaining two contentions will both be addressed.

plaint to add the occurrences that occurred since May 2000.

Defendants also contend that the original complaint did not allege a claim of retaliation and that they would be prejudiced by the lapse of time since the filing of the original complaint. As Defendants concede, however, Breyette alleged facts in the original complaint suggesting retaliation. Haynes Aff., ¶ 5. In fact, the original complaint uses the word retaliation on at least three occasions. Compl., pp. 18, 20, 23. Thus, Defendants had sufficient notice of the retaliation claim that no prejudice will result from granted leave to amend. *See, e.g., Bryn Mawr*, 776 F.Supp. at 186.[3]

Finally, Defendants contend that the additional claims under the New York State Human Rights Law, section 1983 and for negligent infliction of emotion distress are untimely. Defendants have failed to specify the statute of limitations period for these claims. Therefore, they have failed to meet their burden of establishing futility. Nonetheless, section 1983 claims have a three year statute of limitations period. Thus, the proposed amendment seeking to assert claims under section 1983 are timely. Judicial economy is best served by permitting Breyette to amend her complaint to assert these claims.

■ In regards to the new claim under the New York State Human Rights Law, such claims are afforded a one year statute of limitations period. *See* N.Y. Exec. Law § 297(5). Claims under the New York State Human Rights Law, however, mirror claims brought under Title VII. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1304 n. 4 (2d Cir.1995). Thus, Plaintiff proposed amendment asserting an additional claim under the New York State Human Right Law that arise out of the same facts and circumstances in the original complaint relates back to the date of the filing of the original complaint for purposes

of the statute of limitations. *See* Fed. R.Civ.P. 15(c); *Bryn Mawr*, 776 F.Supp. at 186.

Similarly, the original complaint asserted a claim for intentional infliction of emotional distress. Plaintiff now seeks to substitute such claim with a claim for negligent infliction of emotional distress. It is unclear whether a claim for negligent infliction of emotion distress has a one or three year statute of limitations period. *See* N.Y. C.P.L.R. 214, 215; *see also Gallagher v. Directors Guild of America, Inc.*, 144 A.D.2d 261, 533 N.Y.S.2d 863, 864 (1st Dep't 1988). Regardless, Breyette's claim relates back to her claim for intentional infliction of emotional distress for purposes of the statute of limitations.

Defendants appear to contend that the relations-back doctrine should not apply because the lapse of time here is especially prejudicial in light of the death of the alleged harasser. Haynes Aff., ¶ 8. In her reply papers, however, Breyette has informed the Court that Scoskie passed away prior to the filing of the original complaint. *See* Stewart Reply Aff. (Docket No. 24), ¶ 8. Thus, Defendants contention is, at best, disingenuous.

**WHEREFORE,** it is hereby

**ORDERED** that Plaintiff's motion for leave to file and serve an amended complaint is **GRANTED;**

**ORDERED** that Plaintiff shall file and serve her amended complaint *on or before March 15, 2002.*

**IT IS SO ORDERED.**

---

**3.** Similarly, Defendants contend that Breyette has failed to raise any claim of retaliation with the EEOC; thus, this Court lacks subject matter jurisdiction to hear such claim. Haynes Aff., ¶ 6. The body of Breyette's EEOC complaint mentions retaliation on at least four occasions. *See* Haynes Aff., Ex. 1. pp. 4, 5, 6. Furthermore, the Second Circuit has specifically permitted plain-

tiffs to bring additional claims of retaliation not asserted in an EEOC charge because claims of retaliation are "reasonably related" to the underlying claim of employment discrimination. *See Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 614 (2d Cir.1999). Therefore, Defendants' contention is rejected.