Frey v Health Mgt. Sys., Inc. (2021 NY Slip Op 05079)





Frey v Health Mgt. Sys., Inc.


2021 NY Slip Op 05079


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Acosta, P.J., Singh, Kennedy, Mendez, Higgitt, JJ. 


Index No. 158415/18 Appeal No. 14221 Case No. 2020-03681 

[*1]Christopher Frey, Plaintiff-Appellant,
v
Health Management Systems, Inc., Defendant-Respondent.


Harris Law Firm PC, Austin, TX (T. Alan Harris of the bar of the State of Texas, admitted pro hac vice, of counsel), for appellant.
Gibson, Dunn & Crutcher LLP, New York (Lee R. Crain of counsel), for respondent.



Order, Supreme Court, New York County (Louis L. Nock, J.), entered July 29, 2020, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
After his employment with defendant was terminated in 2013, plaintiff, represented by counsel, availed himself of the procedures set forth in § 1553 of the American Recovery and Reinvestment Act of 2009 (Pub L 111-5, 123 Stat 115) for bringing a whistleblower retaliation claim before the federal Department of Health and Human Services (HHS). After conducting an extensive investigation, HHS denied plaintiff's claim on the ground that the evidence did not support his contention that the termination was retaliatory. The United States Court of Appeals affirmed HHS's determination (Frey v United States Department of Health and Human Services, 920 F3d 319 [5th Cir 2019]). In 2018, plaintiff commenced this whistleblower retaliation action under State Finance Law § 191.
Supreme Court properly concluded that the HHS determination bars this action under the doctrine of collateral estoppel (see Ryan v New York Tel. Co., 62 NY2d 494, 500-501 [1984]). Plaintiff received a full and fair opportunity to litigate his claim before HHS, which conducted "a sufficiently thorough investigation" of the claim even in the absence of a formal adversarial hearing and opportunity to confront witnesses through cross-examination or a confrontation conference (Reubens v New York City Dept. of Juvenile Justice, 930 F Supp 887, 891 [SD NY 1996]; see Kirkland v City of Peekskill, 828 F2d 104, 107-109 [2d Cir 1987]; Matter of Murphy v Russell Sage Coll., 134 AD2d 716, 717 [3d Dept 1987]). Further, plaintiff may be fairly precluded from relitigating an issue decided against him in the HHS proceeding that he initiated knowing the statutorily prescribed procedures HHS would use (see Allied Chem. v Niagara Mohawk Power Corp., 72 NY2d 271, 277 [1988], cert denied 448 US 1005 [1989]; Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]).
We reject plaintiff's contention that he was not afforded a full and fair opportunity to litigate before HHS because appellate review was limited to an arbitrary and capricious standard rather than a full review on the merits (see Johnson v New York City Dept. of Educ., 2011 WL 13300034, *3, 2011 US Dist LEXIS 172308 *10-11 [ED NY Apr. 22, 2011, No. 08-CV-5260 (ENV)(LB)]).Indeed, New York courts give preclusive effect to agency determinations confirmed in CPLR article 78 proceedings employing the same highly deferential standard (see CPLR 7803[3]; Coffey v CRP/Extell Parcel I, L.P., 117 AD3d 585, 585 [1st Dept 2014], lv dismissed 24 NY3d 934 [2014]; Matter of Smolarczyk v Towns, 166 AD3d 786, 788 [2d Dept 2018]).
In any event, as Supreme Court further concluded, the action is untimely. Because plaintiff is a Texas resident and his claim accrued in Texas, pursuant to CPLR 202, New York's "borrowing statute," the three-year statute of limitations for similar claims under Texas [*2]law applies (Texas Human Resources Code § 36.115[c]) . THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021